UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BJORN ROUSE, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 25-30015-MGM |
| v. | * | |
| | * | |
| J.H. MAXIMILLIAN, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS
(Dkt. No. 8)

October 17, 2025

MASTROIANNI, U.S.D.J.

Bjorn Rouse ("Plaintiff"), proceeding *pro se*, filed this action on January 24, 2025, against J.H. Maximillian ("Defendant"), Plaintiff's former employer. (Dkt. No. 1.) On that same date, Magistrate Judge Katherine A. Robertson, to whom this case was originally assigned,[1] issued an Order granting Plaintiff's motion for leave to proceed *in forma pauperis*, directing the Clerk's Office to issue summons for service on Defendant, and ordering Plaintiff to complete service of process within 90 days. (Dkt. No. 4.) Judge Robertson explicitly warned Plaintiff that "[f]ailure to complete service within 90 days may result in dismissal of the action without further notice from the Court." (*Id.* at 2.) Thereafter, the Clerk's Office issued the summons, along with instructions for utilizing the U.S. Marshals Service for completion of service. (Dkt. Nos. 5, 6.)

No further action occurred in this case until Defendant filed a Motion to Dismiss for Failure of Service of Process, on September 22, 2025. (Dkt. No. 8.) Under Local Rule 7.1(b)(2), Plaintiff's

---

[1] On September 23, 2025, this case was reassigned to the undersigned. (Dkt. No. 10.)

opposition to the motion to dismiss was due on October 6, 2025, but no opposition or request for an extension of time has been filed. For the following reasons, the court will grant Defendant's motion and dismiss this action, without prejudice.

Defendant argues the court should dismiss Plaintiff's complaint for failure to serve within the timeframe ordered by Judge Robertson. The court agrees. Rule 4(m) requires that service of process occur "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Moreover, here, Judge Robertson specifically ordered Plaintiff to complete service within that timeframe and warned that failure to do so could result in dismissal "without further notice from the court." (Dkt. No. 4 at 2.) As Defendant points out, that 90-day window elapsed over five months ago.

Granted, a court may "extend the time for service for an appropriate period," but only "if the plaintiff shows good cause for the failure" to serve within 90 days. Fed. R. Civ. P. 4(m). Under Local Rule 4.1(b), "[c]ounsel and parties appearing pro se who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit." L.R. 4.1(b). The Local Rules authorize the clerk to "forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court" if "good cause has not been shown as provided herein" within 14 days after the expiration of the 90-day window. *Id.* Here, Plaintiff has not attempted to make any showing of good cause; indeed, he has not responded to the motion to dismiss.

For these reasons, Defendant's motion to dismiss (Dkt. No. 8) is ALLOWED and this action is DISMISSED WITHOUT PREJUDICE.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge